CONCURRING IN PART AND IN THE JUDGMENT
KETHLEDGE, Circuit Judge,
concurring in part and concurring in the • judgment.
A cause of action cannot accrue (in the •sense of come into existence) before one of its elements does. And an element of a claim for breach of warranty .is not merely anticipation of a breach, but the breach itself. The limitations period for a breach of warranty claim therefore cannot begin to run — much less ran out — before the breach occurs. That is true regardless of whether the parties could have anticipated the breach before it actually happened.
. The relevant limitations provision in Chapter 2 of the Uniform Commercial Code, namely Ohio R.C. § 1302.98, only confirms these truths. That provision states that “[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued[,]” and that “a cause of action accrues when the breach occurs[.]” Ohio R.C. § 1302.98(A), (B). Thus, the limitations period for a breach of contract claim begins to run only when the breach occurs, and not before.
The confusion in this case seems to arise from a discovery rale applicable to certain breach of warranty claims, namely that “the cause of action accrues when the breach is or should have been discovered.” Ohio R.C. § 1302.98(B). But this rule serves only to lengthen rather than shorten the time for bringing suit. Specifically, under this rale, the claim accrues not when the plaintiff discovers or should have discovered the likelihood — or even the “inevi-tabl[e]” likelihood, Op. at 761-62 of some future breach. Instead, the claim accrues when the plaintiff discovers or should have discovered “the breach” itself. Ohio R.C. § 1302.98(B) (emphasis added); see also Ohio R.C. § 1302.27 cmt. n.13 (“[i]n an action based on breach of warranty, it is of course necessary to show not only the existence of the warranty but the fact that the warranty was broken and that the breach of the warranty was the proximate cause of the loss sustained”) (emphasis added). And in addition to that textual point, there is the practical one that in most cases a plaintiff cannot possibly calculate its damages until it knows when, exactly, the breach occurred. For only then can the plaintiff know the extent of the breach, i. e., the amount of time that the product was warranted to perform in a certain way but did not. Hence the discovery rale of § 1302.98(B) can only postpone the date of the claim’s accrual — and thus the date on which the claim’s limitations period begins to run — from the date of the breach, to the date on which the breach was or should have been discovered.
Here, Cormetech warranted that its catalyst would perform in a certain manner *765 (by removing at least 92% of the NOx from the plant’s flue gas and by limiting ammonia slip to an average of 2 ppm, among other things) for a certain minimum period of time (24,000 hours). That warranty was not breached until the catalyst did not, in fact, perform as warranted during that minimum period of time. On August 5, 2008, B&W discovered that the catalyst was not performing as warranted, because ammonia slip was then averaging ten ppm rather than two. Nobody suggests that B&W should have discovered that (actual) breach any sooner. Per the discovery rule of Ohio R.C. § 1302.98(B), therefore, B&W’s claim accrued on August 5, 2008. B&W filed suit less than four years later. Its claim was therefore timely.
I therefore join the Court’s thoughtful opinion except to the extent it suggests that a claim for breach of warranty could accrue when a plaintiff knows or should have known that the warranty “inevitably would be breached[,]” Op. at 761, rather than at the time of the breach itself — or even later, as set forth in § 1302.98(B).